Just a quick question. I notice you have a couple of people at council table. Are you going to be making all the argument? I will be, Your Honor. Richard Donahue is here, but I'm going to be making the arguments. OK. I just like to make sure we're not dividing any time. So go ahead and state your name and take it away. Thank you, Your Honor. Stuart Estner on behalf of plaintiff and appellant. I'd like to reserve five minutes for rebuttal. The first point I'd like to make is that I would urge the court to decide not to decide this case, but instead to certify an issue to the California Supreme Court, which is appropriate when there's an issue, an unresolved issue, of statutory construction that involves a significant broad public policy, such as labor law statutes regulating pay of thousands of California workers. Well, you sort of answered it. You kind of were in favor of certification, and you posed a certain question. My understanding is that counsel for appellee said, no, this is easy. Just decide it, and we'll win. But I'm going to ask appellee's counsel when you come up, if we did decide to certify it, would you agree with the question, or do you have a different question that you think should be posed? So that gives you a little time to think about it. And so the issue that we would ask the court to certify, paraphrasing it, would be whether an installation under Labor Code Section 1720 must be fixed to a work of realty or land in order for it to be a public work. Oh, we decide cases, and the California Supreme Court decides cases. That question really seems more abstract than the question posed by this case. Well, then I guess the issue would be whether or not the work was being performed by plaintiff and the class here. Installing equipment on rail cars constitutes an installation under Labor Code Section 1720 as to entitle them to prevailing wages on public work projects. And so I don't think WABTC takes issue with the fact that this is a question of significance to California. It simply says, nothing to see here. This is an issue that has been resolved repeatedly by California courts. But if the court were to look at the principal two cases on which WABTC relies to make that claim, it becomes apparent that, in fact, this issue has not been resolved by any California court. They first reference a 1940 Intermediate Appellate Court case, Swanton, which concerned a different statute involving different language to suggest that, in fact, it must be the case that all work needs to be a fixed work on realtor land in order for it to be a public work. And then they move on to a more recent case, City of Long Beach, which also did not involve at all the issue about whether or not an installation needed to be fixed to realtor land, but instead concerned solely pre-construction funding for architectural designs, legal fees, insurance costs, et cetera. And the court questioned whether or not that would constitute a public work expenditure under the former version of 1720. It had been amended in the interim. Well, so since if we don't certify it, we're going to have to decide it. And it will decide this particular case. It's not binding on California, but it would be binding on the Ninth Circuit and binding on this case. So you argue the on-board work is covered by the prevailing wage law because it is integral to the portion of the project that is undisputedly covered? Is that your argument? That is one of our arguments. And that would be the argument I would move to second. But the first argument that we're asking the court to certify as to whether or not this is an installation is a separate argument, Your Honor. If you would like, I'd move to that. Wait, then you're also arguing that the on-board work meets the definition of installation under the statute. Correct. And so WACCHECK cites several administrative authorities suggesting that the agency has interpreted the prevailing wage as not covering work on a rolling stock. Can you point to any authorities suggesting that the agency has not been consistent on this interpretation? Well, I think if the court were to look at the administrative findings that preceded the filing of this case, which determined that, in fact, these plaintiffs were entitled to a prevailing wage, it would show that, in fact, the agency is taking inconsistent positions. And moreover, the fact remains that it's the court's function and not the administrative agency's function primarily to interpret the meaning of words in a statute. And the meaning of these words, what's an installation, has a common dictionary. Well, OK, but in your argument that installation under the statute, I think Busker eschews agency decisions and argues that the court should look exclusively to the words of the statute as those defined in the dictionary. But Busker concedes that when the legislature amended section 1720A1 to add the term installation, it did so to, quote, codify existing DIR presidential public works determinations on installations issued by the current director. Doesn't your concession about the legislator's intent mean that we need to look at the agency's interpretation of installation? Well, it's among other things that the court should look at. But if the court were to look further and see what happened in the aftermath of that amendment, where the DIR specifically found that an installation did not include office modular furniture, the legislature then stepped in and said, no, that's not what we meant with respect to that specific issue. It's clear that the legislature disapproved of what the DIR's interpretation of installation. And that is some administrative, I think, Webcheck cites administrative decisions that construe installation as being work involving the bolting, securing, or mounting of fixtures to realty. Can you point to any administrative authority that conflicts with that interpretation? Yeah, and they're cited in our brief. And I don't, in a footnote in our brief, we cited specifically to a number of administrative decisions that are in the record that I will bring up on rebuttal. And I'll reference the court to those on rebuttal. But there are conflicting decisions. And moreover, it's important to keep in mind that when the legislature wants to specifically link the definition of public work to work on a realty, it knows how to do that. And if the court were to look at, for example, government code section 4002, and I quote, as used in this chapter, public work means the construction of any bridge, road, street, highway, ditch, canal, dam, tunnel, excavation, building, or structure within the state. Or, for example, public contract code 1101, public work contract, as used in this part, means an agreement for the erection, construction, alteration, repair, or improvement of any public structure, building, et cetera. So clearly, the legislature knows fully well how to frame a statute defining public work linked to realty when it desires to do that. Oh, the legislature can say any public contract. I mean, the legislature can set the rules the way it wants and set the rules that compel all government units in the state to contract under the legislature's rules. But it hasn't done that. So why should we infer that the legislature intended to make the work at issue here something for which the prevailing wage scale has to apply? Well, my reasoning would be that when the legislature specifically wants to link public works to realty, it knows how to do that. Didn't do that with 1720, which generally defined as construction, alteration, demolition, alteration, repair work done under a contract and paid for in whole or in part out of public funds. So it clearly included a much broader definition in 1720 than it did with respect to these other statutes. But moving on to the point that the court referenced earlier, our principal argument beyond what we would urge the court to certify would be that under labor code section 1772, which provides workers employed by contractors or subcontractors in the execution of any contract for public work or deemed to be employed upon public work, clearly applies here. This Parsons position, I'm sorry, Rupp Tech's position is that only really states the truth that if you're an employee on a public work, you're entitled to a prevailing wage. But that would mean it's exactly the same as section 1771. It would be inconsistent with California law on point, which specifically provides that if the work performed under a subcontract is integral to the work under the general public works contract, then a prevailing wage must be paid on that subcontract as well. That's the OG Sansoni case, the Williams case, and the Duncan case. And OG Sansoni goes further and says that parties cannot, under California law, contract around the obligation to pay a prevailing wage by forming subcontracts. So here, the work performed under the WAB Tech subcontract was by definition integral, as integral as you could possibly get with respect to the general contract that was performed by Parsons. Metrolink hired Parsons to perform one integrated contract to provide a positive train control system. Under paragraph 34 of that contract, it was required to pay a prevailing wage. That provision was incorporated into the subcontract with WAB Tech. In congressional testimony and deposition, Metrolink characterized the work that was being performed as building a communication network, I'm quoting, which included work on trains, the wayside, and dispatch centers. It's admitted that the work under the general Parsons contract was a public work. And it can't be disputed that unless the WAB Tech work was also performed, the work that was performed by Parsons on the wayside, which is admitted to be a public work, would be useless. Both sides of the equation were absolutely needed for this project to have any effect whatsoever. It was a communication system between the installation work on the rail, on the wayside, and the installation work that was performed on the rail cars. Without either of them, the work by the other would be absolutely useless. I would like to save some time. Thank you, Your Honor. Good morning, Your Honor. Patrick Madden of K&L Gates on behalf of Defendants WAB Tech Corporation and Mark Martin. Your Honor, there are three issues in the appeal, none of which have merit. I think what I can start with is the question of certification, if you'd like me to, since you posed a question to me already in relation to that. And I would note that we would believe that certification is not appropriate in this circumstance because there has been a long history of consistent interpretations. Your Honor, last year in a case, denied certification in the Teleflex Medical versus National Union case because there was consistent Court of Appeals interpretations, said we don't have to go to the state Supreme Court. And that's what we have here is consistent interpretations over an extended period. OK, well just tell me what the question would be if we go there, and then we'll go into, then we'll handle the arguments. The question we would pose. We don't know that they'll take it either, even if we did certify it. Correct, Your Honor. The question we'd pose is whether work performed on locomotives and rail cars in a pre-existing rail yard under contract with a public agency falls within the definition of public works in California Labor Code 1720A1. We believe it identifies the specifics of the case and builds in the assumption that there is a contract there. Then ask whether or not it applies to the law, the definition of public works. We don't have an objection, based on what I heard anyway, to the plaintiff's proposal in terms of if they resorted to the definition of installation and whether or not this solely addresses the issue of installation. But posing a question on installation to the state Supreme Court without addressing other issues doesn't resolve the case. Unless, of course, plaintiffs are willing to agree that the only issue left in the case is the installation question. We don't believe certification of the installation issue is necessary because there has been, well first, the court noted there has been an admission in the record that they don't disagree that the purpose of adding installation was to establish the interpretation of DIR on installation. And we believe that DIR's interpretation of installation has been consistent over the years. Well, you rely on agency interpretations that, as the best I can tell, have never been adopted in a published court opinion. So those agency interpretations appear to conflict with the judicial command that the prevailing wage law is to be liberally construed. Why shouldn't? And so that's an argument that might be the strongest as to why we should certify. Well, Your Honor, two different responses on this. First, on the liberally construed, there's actually a question about the liberal construction. It's clear that if the prevailing wage law applies, it has to be liberally construed. The question of application of the statute is not necessarily subject to liberal construction. Well, would you concede that there is not an exact case on point by the California Supreme Court or any of the courts of appeal that answer this precisely? On the issue of installation, I would agree there is no California Supreme Court case on point. Yes, Your Honor. Well, you concede that field installation work qualifies as a public work. And doesn't that make the prime contract a public works contract? And the appellant talked about California Labor Code 1772, which states workers employed by contractors or subcontractors in the execution of any contract for public work are deemed to be employed upon public work. Wasn't both the field installation work and the onboard work in execution of the prime contract? Your Honor, the contract itself recites at the very start it was a procurement contract. It was focused on procurement of technology, positive train control information. There was one section, section 34 of the contract, which addressed field installation work. And that section included a prevailing wage provision. So what's your best authority that some parts of the prime contract can be a public works contract, while others cannot be? Well, I think all of the California authority that have been cited to the court. The best one is Sheet Metal Workers v. Duncan in 2014, which expressly looked at the circumstances and asked, just because something is done away from the work site, is it part of this? And it addressed the 1772 argument that Mr. Busker's counsel made. It addresses the argument about the other provisions in California law that don't focus on the particular site and found those to be non-persuasive. It expressly addressed the question of whether or not there was a jurisdictional limit, a site limit within the prevailing wage requirements that focus on the work site and found that there is. And you have to decide whether or not there is a tangible integration of what is done away from the building construction site into the construction work. And when the court and plaintiffs use the terms integration and integral, it's important to understand the courts aren't saying it's integral to a general contract. The courts are saying that it's integrated into the construction. And so the example of that is when somebody's on-hauling materials. And those materials are then integrated into the construction. And they participate in that process. Then that becomes part of the public work. When somebody in the Williams case is off-hauling all part of the contract, but hauling things away from the construction site and not doing any work at the construction site, it's not part of the public work. And all of those cases are dealing with a single contract, but some work is covered and some work is not. Now the most precise example of this was actually from DIR in 1987. And DIR addressed a radio project for a transit district. And DIR drew a distinction between, and I quote, installation of equipment in buildings and other structures, end of quote. And they found that was covered work. And quote, installation of equipment in district trains, buses, and other vehicles, end of quote. And they found that was not covered work. And it was all part of the same contract. Was that the internal emails? That was a determination. It's a guidance letter from DIR counsel Robbins that was sent out in 1987. Yes, Your Honor. So can you point to any published California court decision holding that prevailing wage law does not cover work performed on rolling stock? No, Your Honor. So you're relying on the internal emails for that? Well, we're relying on the analysis established starting in Swanton versus in 1940, which is cited by the DIR decisions, running through the city of Long Beach in 2004, running through the sheet metal workers decision in 2014. Your Honor, but there isn't a case that expressly talks about rolling stock. That's correct. And unfortunately, if we certify every prevailing wage case to the state Supreme Court when there is a new circumstance that's raised, we'd be certifying a lot of cases. No, but this will affect a lot of people. This is not affecting a small amount of Californians here. This is not a one-off. Yes, Your Honor. And as Judge Clifton noted, if you take their interpretation that anything in a contract's covered, it would change all California prevailing wage law. Of course, it would be inconsistent with every decision that the California courts have issued on prevailing wage that look at the particular activities rather than looking at the contract and say, is it subject to a contract or not? That would be a much different law than what's on the books. Now, Your Honor, in relation to the installation issue, the one thing I did want to note, which we haven't talked about, there isn't a Supreme Court decision on this. But what Mr. Busker's counsel's noted is that the legislature came in and took action in 2012. And there are a couple of things to emphasize here. First is there was a consistent interpretation from DIR. This contract was put up to bid in 2010. And so the law of prevailing wage applies when the contract goes out. And so the amendment wouldn't have an impact. But the amendment tells you what happens from a legislative standpoint. The department came out with a interpretation that said that modular furniture, unattached modular furniture, is not subject to prevailing wage, consistent with their interpretation. The legislature in 2012 took specific action to address that. And what they did, they didn't say the definition of installation is wrong. They didn't adopt a definition of installation that said it deals with unaffixed activities. It specifically addressed the question of modular furniture and said, this particular category is going to be covered from this point forward. And so that interpretation suggests not that they changed the entire definition, but that they changed a particular application. Otherwise, we're aware of the definition and didn't address it. And in 2016, and we've cited a broad collection of interpretations from DIR, but the 2016 county sponsored messages on private billboards decision from DIR, it's ER 196, says that installation means, and this is 2016 after the interpretation, work involving the bolting, securing, or mounting of fixtures to realty. End of quote. Same definition. The legislature's action didn't change the definition. But what it did, according to California authority, when the legislature acts in an area, modifies it in some ways, but doesn't modify it in other ways, endorsed the definition of DIR. And we would suggest that that is a different way of getting to the same answer on the question of installation, is it's not only a consistent department interpretation, but the legislature has demonstrated that it understands that definition and has modified it to some extent in one application, but otherwise has not modified it. Now, going to, and your honors, are there other issues that you're concerned about that I can address for you? I don't think we have other questions, so you're not, you don't have to use all your time, but you can use it if you want. Well, I just want to note, your honor, you've already called your attention, I'm sure you've seen in the records, there are a multitude of DIR interpretations dealing with this in different contexts. Running up as recently as 2015. But since 1931, California courts have been interpreting this statute. And every single one of the decisions has drawn distinctions between different types of work. And focused on construction-related work, it publicly financed building sites, rather than trying to cast a broad net to capture everything within a contract. And those decisions would have been rendered a nullity, would have been meaningless, if all you had to do was say there was a contract. And that's what the sheet metal workers case really drives home. Beyond that, for over 30 years, DIR has consistently held that prevailing wages do not apply to work on rolling stock. Plaintiffs asked the court to ignore all of that history and to cast a broad net to sweep in virtually any activity in a contract. He said allegedly he's going to tell me how he had other cases in a footnote when I asked him that question. So do you know what footnote he's talking about? I know they cited some footnotes, and we did our best to try and distinguish the cases they cited. I don't think they give a different definition of installation. But Your Honor, we just simply ask that this court do the same thing that the California Court of Appeals did in the sheet metal workers case. Reject the invitation to change the application of California prevailing wage law, and affirm the court's summary judgment. Thank you, Your Honor. Thank you for your argument. Thank you, Your Honor. I was mistaken. The footnote I was referring to is at page 23 of our opening brief, footnote eight. But that really concerns the issue about whether or not. It's a different argument. Yeah, it's a different argument. My mistake, and I apologize. I would have to come back to it. In your brief, a series of director decisions. On installation. Correct, Your Honor. But in that footnote, I would call the court's attention to the issue that was just argued about the fact that integration means that it has to be actually a physical integration of the product into the work that's being performed. That's a public work in order for it to be covered under 1720. And I would point the court to ER 387, where the court's, the definitive question is whether work is truly independent or work that was integral to the performance of the general contract, is what the DIR has characterized the issue as. And if we're going to give that much deference to the DIR, I would urge the court to give it with respect to 1720 here. And it's clear that the work that was being performed by Wabtec was integral to the contract work that was being performed by Parsons, which was clearly. Assume that any subcontract work is integral on some level. I mean, I'm not sure that, unless you're going to just automatically sweep any subcontract in, I'm not sure that tells us very much. Well, but I think it's a question of degree. And here, the degree is as high as you could possibly get. And the court would look at the Duncan case that was just discussed, where the question was off-site fabrication. Was the off-site fabrication done at a facility that was dedicated to this particular project? Or was it done in a facility that was producing these materials anyhow? And that's what the court determined to be the positive issue for whether or not it was integral. Here, the work that was being performed by Wabtec was done solely as a result of the general contract under which Parsons agreed to provide Metrolink with this completed communication system. And so that work was not only integral, it was absolutely necessary and was completely dedicated to the work that was being performed. Let me ask you this. Can you give me an idea of the scope of effect that this decision would have if we were to certify to the California Supreme Court one of the arguments that you make? Is it's not a one-off, that it's affecting lots of your citizens, and it's going to keep coming back and coming back unless you tell us? I can't give you a specific number of cases that may be affected. I could just tell you that this is a statute that has broad application in California. It's obviously been an issue that has evaded Court of Appeal decisions up until this point, or Supreme Court decisions up until this point. But clearly, any public contract where involving work that isn't fixed on reality, this issue would potentially apply to. All right, your time is up. Thank you for your argument. This matter will stand submitted. This court is in recess until tomorrow morning at 9 AM. Thank you both. Court, for this session, stands adjourned.
judges: Clifton, Callahan, Hoyt